```
 1  MAC E. NEHORAY, ESQ. SBN 147168
    NEHORAY & DRAKE, LLP
 2  24007 VENTURA BOULEVARD
    SUITE 110
 3  CALABASAS, CALIFORNIA 91302
    (818)222-2227
 4

 5
    ATTORNEY FOR HORMOZ RAMY
 6
```

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | ) CASE NO. 1:20-bk-10276-VK |
| HORMOZ RAMY, | ) |
|     Debtor. | ) ANSWER TO COMPLAINT |
| _____ | ) 11 U.S.C. §727 |
| DAVID SEROR, Chapter 7 Trustee, | ) |
|     Plaintiff, | ) Adv. Case#: 1:20-ap-01077 |
| vs. | ) |
| HORMOZ RAMY, an individual, | ) |
|     Defendant. | ) |
| _____ | ) |

   Defendant Hormoz Ramy ("Ramy" or "Defendant"), by and through the undersigned counsel, respectfully files his Answer and Affirmative Defenses to the Complaint of Chapter 7 Trustee Objecting to Discharge Pursuant to 11 U.S.C. §727 (the "Complaint") filed by David Seror, Chapter 7 Trustee ("Plaintiff"), and states as follows:

   1. The allegations contained in paragraph 1 of the Complaint set forth a legal conclusion for which no response is required.

   2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

   3. Defendant admits the allegations contained in paragraph 3 of

Answer to Complaint                    1

the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint and demands strict proof thereof.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint and demands strict proof thereof. This paragraph constitutes a prayer for relief for which no response is required. To the extent that a response is required, Defendant denies all allegations contained therein and demands strict proof thereof.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint set forth a legal conclusion for which no response is required.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint to the extent that this paragraph as drafted purports to allege that all of Defendants testimony conflicted with the information he provided in his schedules.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint and demands strict proof thereof.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits the first two sentences of paragraphs 17, however, as to the last sentence, it is only Plaintiff's opinion and as such Defendant disagrees with said opinion.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint and demands strict proof thereof.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

22. Although most of the statements in paragraph 22 of the Complaint are true, Defendant hereby objects to the term "purported" as used by the Plaintiff is describing the money lent to the Defendant and as such, Defendant denies the allegations based on usage of said word.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

26. With respect to the allegations contained in paragraph 26 of the Complaint, Schedule I filed in Bankruptcy Case speaks for itself.

Defendant asserts that listing his children as dependents was inadvertent and said schedule was amended to exclude such statement.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant incorporates the answers set forth in paragraphs 1 through 29 of this Answer as if fully set forth herein.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint and demands strict proof thereof.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint and demands strict proof thereof.

36. Defendant incorporates the answers set forth in paragraphs 1 through 35 of this Answer as if fully set forth herein.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint and demands strict proof thereof.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

39. Paragraph 39 constitutes a prayer for relief for which no response is required. To the extent that a response is required,

Defendant denies all allegations contained therein and demands strict proof thereof.

40. Defendant incorporates the answers set forth in paragraphs 1 through 39 of this Answer as if fully set forth herein.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42. Paragraph 42 constitutes a prayer for relief for which no response is required. To the extent that a response is required, Defendant denies all allegations contained therein and demands strict proof thereof.

43. Defendant incorporates the answers set forth in paragraphs 1 through 42 of this Answer as if fully set forth herein.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint and demands strict proof thereof.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint and demands strict proof thereof.

47. Paragraph 47 constitutes a prayer for relief for which no response is required. To the extent that a response is required, Defendant denies all allegations contained therein and demands strict proof thereof.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant did not knowingly or intentionally fail to disclose the Judgment on his behalf. Defendant's old age, poor memory, leading up

to and continuing through the commencement of the Bankruptcy Case, hampered his ability to clearly and completely recall all events to which he was a party. When he was reminded of the Judgment, he promptly amended his schedules to reflect it.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not knowingly or intentionally fail to disclose all of his creditors in his Schedules, SOFA or petition. Any omission of a creditor on Defendant's bankruptcy Schedules was inadvertent and unintentional, attributable in part to his poor memoryhealth leading up to the filing of the Bankruptcy Case.

### FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Court enter judgment (a) dismissing the Complaint and directing the immediate entry of a discharge in Defendant's Bankruptcy Case; (b) awarding to the Defendant costs, expenses and reasonable attorneys' fees; and (c) granting to the Defendant such other and further relief as is just and appropriate.

NEHORAY & DRAKE, LLP

DATED: September 18, 2020

*Mac E. Nehoray*
_____
MAC E. NEHORAY
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Answer to be served this 18th day of September, 2020, by email upon the following persons:

Tamar Terzian, Esq.
21650 Oxnard street
Suite 500
Woodland Hills, CA 91367
tterzian@bg.law

*Mac E. Nehoray*
_____
Mac E. Nehoray